JOHNSON, J.,
would grant the writ and assigns reasons.
*1084 1 JOHNSON, Justice, would grant the writ application to consider whether Louisiana Children’s Code Article 897.1 precludes a court with juvenile jurisdiction from terminating a disposition.
Article 897.1 provides, in pertinent part:
B. After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:64, armed robbery, the court shall commit the child who is fourteen years of age or older at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined in secure placement for the length of the term imposed by the court at the disposition hearing without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence. (Emphasis added).
Although the court’s authority to modify an order of disposition in this case is prohibited by La. Ch. C. art. 897.1, I believe that the court retained the authority to terminate an order of disposition pursuant to Louisiana Children’s Code Article 909. Article 909 provides:
Except as provided for in Article 897.1, after the entry of any order of disposition, the court retains the power to modify it, including changing the child’s legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897(B) or 899(B). It may also ^terminate an order of disposition at any time while it is still in force. (Emphasis added).
In my opinion, the Louisiana Children’s Code has never prohibited the termination of disposition pursuant to Article 897.1. The amendments to the Children’s Code have actually expanded the discretion of courts exercising juvenile jurisdiction. Article 897.1 originally precluded parole, probation, suspension of sentence, modification of sentence and furlough. The 2004 amendments to the Children’s Code removed this prohibition, allowing for furloughs to be granted where deemed appropriate.[1] Moreover, the legislature has failed to include a prohibition of termination in Article 897.1, even though Article 909 clearly gave courts the power to grant termination. In my mind, it is inconsistent to hold that Articles 897.1 and 909 should be read to provide absolutely no discretion to the courts, when the legislature has actually increased the courts’ discretion by expressly allowing for furloughs, and when it has not specifically added “termination” in the list of Article 897.1 prohibitions. In my view, it appears that the Legislature has chosen to restore discretion to courts and the judges who have first-hand knowledge of each individual child.
Further, I do not believe that the court’s ability to terminate a disposition in this case is in conflict with the stated public policy of the juvenile justice system. The purpose of the juvenile system is to provide a way to nurture and rehabilitate youths. In this case, it is clear that C.F. has been fully rehabilitated during his time at the Jetson Center for Youth. The trial judge stated in his Reasons for Judgment:
It is undisputed that the youth has transformed himself remarkably since his original detention, academically and socially. From the testimony, it appears that the youth has successfully completed the regimen of rehabilitative programs available to him in the juvenile correctional system. In essence, the *1085 testimony was that any further ^programs for him while in detention would be a repetition of what he has already completed. Further, that continued detention would be counter-productive to the progress he has made.
In my opinion, further incarceration of C.F. would serve no useful purpose.
For these reasons I would grant the writ application.

. 2004 La. Sess. Law. Serv. Act 484 (H.B. 194).